STATE v. FRANK H. DANIEL.

*Servant Leaving Employer's Service—Indictment.*

An indictment under Battle's Revisal, ch. 70, will not lie against a servant for wilfully leaving the employment of one with whom he had agreed to serve. The statute has reference only to persons enticing servants to unlawfully leave the service of the employer.

INDICTMENT for a misdemeanor tried at Fall term, 1883, of PERQUIMANS Superior Court, befor *Avery, J.*

The indictment—The jurors, &c., present that the defendant, &c., unlawfully and wilfully did absent and leave the employment of John S. Hedrick, with whom the said defendant had made a contract to work during the month of June, 1883, the time of service under said contract not having then expired, against the statute, &c.

The defendant's counsel moved to quash the bill, upon the ground that no indictment would lie under the statute against

a servant for leaving the employment of the master, but only against the person enticing him to leave; and further, that the bill did not set forth the alleged contract.

His Honor sustained the motion, and the state solicitor appealed.

*Attorney-General*, for the State.
No counsel for defendant.

SMITH, C. J.  The indictment is framed under the act of 1866, Bat. Rev., ch. 70, amended by the act of March 11, 1881, extending the offence to cases in which the contract is oral, and which, as amended, declares that, "if any person shall entice, persuade and procure any servant by indenture, or any servant who shall have contracted in writing or verbally to serve his employer, to unlawfully leave the service of his master or employer; or if any person shall knowingly and unlawfully harbor and detain in his own service, and from the service of his master or employer, any servant who shall unlawfully leave the service of such master or employer; then, in either case, such person and servant may be sued, singly or jointly, by the master, and on recovery he shall have judgment for the actual double value of the damages assessed."

The succeeding section in addition imposes a penalty, and moreover, subjects to indictment "the person and servant violating the provisions of the preceding section."

The charge contained in the bill is, that the defendant "unlawfully and wilfully did absent and leave the employment" of the person with whom he had agreed to serve during the month of June, before the expiration of the term, but does not allege that this departure from service was by reason of enticement, persuasion or procurement of another, nor that upon his voluntary leaving he entered into the service of another party.

The act imputed is the defendant's withdrawal from a service which he had stipulated to render, and violating his contract to

serve for a given time, and this is not the offence designated and provided for in the statute. The mischief which the enactment was intended to remedy was the interference of others with the servants who had thus agreed to serve, by offering them inducements to depart, or, with knowledge that they had so departed in disregard of their contract obligations, by receiving such into their service. This, in our opinion, is the purpose and import of the statute, and it does not embrace the case made in the bill. The servant himself, to be subjected to the penalties imposed, must have participated in the action under circumstances such as would subject the enticing or harboring party, in the one or other alternative, to a criminal prosecution for his offence.

We therefore concur in the opinion of the court, that no criminal offence is charged in the indictment, and in the judgment quashing the bill, which is affirmed.

No error.                                             Affirmed.